1  LAW OFFICES OF MIRIAM HISER
   MIRIAM HISER (129824)
2  550 Montgomery Street, Suite 650
   San Francisco, California 94111
3  Telephone: (415) 345-9234
   Facsimile: (415) 395-9372
4  mhiser@hiserlaw.com

ORIGINAL F̶ ̶ ̶

E-filing

JUL 11 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

5  Attorneys for Defendant
   SALLIE MAE, INC.

6

7

8                  UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                                              CV 08    3351
   THERESA JOYCE,                    Case No.

11              Plaintiff,           **NOTICE OF REMOVAL**

12      v.

13                                              MEJ
   SALLIE MAE, INC., a corporation, and DOES
14 1 through 10 inclusive,

15              Defendants.

16
        Pursuant to 28 U.S.C. Sections 1331, 1441 and 1446 and Federal Rule of Civil Procedure,
17
   Rule 81(c), Defendant Sallie Mae, Inc. ("Sallie Mae") hereby removes this action from the
18
   Superior Court of California, County of Contra Costa, to the United Stated District Court for the
19
   Northern District of California on the following grounds:
20
        1.      Plaintiff Theresa Joyce filed her Complaint captioned *Theresa Joyce v. Sallie Mae,*
21
   *Inc. and Does 1 through 10* on June 2, 2008 in the Superior Court of California, County of Contra
22
   Costa, Martinez Division, as Case Number C 08-01489. Plaintiff served a copy of the Summons
23
   and Complaint on Sallie Mae on June 11, 2008. In compliance with 28 U.S.C. Section 1446, true
24
   and correct copies of these documents, along with a Civil Cover Sheet, Notice of Case
25
   Management Conference, Notice to Plaintiffs, Notice to Defendants, Stipulation and Order to
26
   Attend ADR, blank Case Management Statement, Contra Costa County Superior Court ADR
27
   Information, and Proof of Service of Summons are attached hereto as Group Exhibit A. No other
28

1  process, pleadings, or orders have been served on Sallie Mae.

2      2.      Plaintiff's Complaint alleges a cause of action that arises under and depends on the

3  construction of federal law. Specifically, paragraphs 41(e) through (n) of the Complaint allege

4  that defendant violated California Civil Code Section 1788.17, captioned "Compliance with

5  Federal Law," by failing to comply with the Fair Debt Collection Practices Act, 15 U.S.C. Section

6  1692(b), *et seq*.

7      3.      As Exhibit A demonstrates, the First Cause of Action alleged in plaintiff's

8  Complaint is a claim within the original federal question jurisdiction of the federal district courts

9  under 28 U.S.C. Section 1331.

10      4.      Because of the presence of a separate and independent claim cognizable under 28

11  U.S.C. Section 1331, the entire case is removable as provided in 28 U.S.C. Section 1441(c).

12      5.      Plaintiff has not named or served any defendant other than Sallie Mae.

13      6.      Notice of this removal is being filed with the Superior Court of California, County

14  of Contra Costa.

15      7.      Removal to this district court is proper under 28 U.S.C. Section 1441(a) because

16  the Superior Court of California, Contra Costa Division, is geographically located within this

17  court's district.

18      8.      Removal is timely under 28 U.S.C. Section 1446(b) because this Notice of

19  Removal is filed within thirty days of service of process upon Sallie Mae of a complaint stating a

20  claim within this Court's jurisdiction.

21  Dated: July 11, 2008.                              LAW OFFICES OF MIRIAM HISER

22

23                                                     By: _____

24                                                         Miriam Hiser
                                                           Attorney for Defendant SALLIE MAE, INC.

25

26

27

28

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SALLIE MAE, INC. a corporation; and DOES 1 through 10 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
THERESA JOYCE, an individual

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*



D. WAGNER
Deputy Clerk

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Contra Costa-Martinez<br>725 Court St.<br>Martinez, CA 94553 | CASE NUMBER<br>*(Número del Caso):*  **08 01489** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeremy S. Golden (SBN 228007), Law Offices of Eric F. Fagan, 2300 Boswell Rd. Suite 211, Chula Vista, CA 91914, Phone: 619-656-6656 Fax: 775-898-5471

DATE: 6|2|08    CLERK OF THE SUPERIOR COURT    Clerk, by **D. WAGNER**, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Sallie Mae, inc., A corporation
   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]    **SUMMONS**    Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com


EXHIBIT A

1  Jeremy S. Golden (SBN 228007)
   Law Offices of Eric F. Fagan
2  2300 Boswell Rd.  Suite 211
3  Chula Vista, CA  91914
   jeremy@efaganlaw.com
4  Phone: 619-656-6656 Fax: 775-898-5471
5  Attorney for Plaintiff THERESA JOYCE

6

7

8                   SUPERIOR COURT OF CALIFORNIA
9          CONTRA COSTA COUNTY, MARTINEZ DIVISION

10
                                                C 08      0 1 4 8 9
11  THERESA JOYCE, an individual,      ) Case No.:
                                       )
12              Plaintiff             )  COMPLAINT AND DEMAND FOR
13                                     )  JURY TRIAL (Unlawful Debt
    v.                                 )  Collection Practices)
14                                     )
15  SALLIE MAE, INC. a corporation; and )
16  DOES 1 through 10 inclusive,       )
                                       )
17              Defendants.            )
                                       )                PER LOCAL RULE 5 THIS
18  _____)                CASE IS ASSIGNED TO
                                                         DEPT _____
19
20                        COMPLAINT              SUMMONS ISSUED
21                      I. INTRODUCTION
22       1.     This is an action for damages brought by an individual consumer against
23  Defendants for violations of the California Rosenthal Act, Civil Code §1788 *et seq.*
24  ("Rosenthal Act") which prohibits Debt collectors from engaging in abusive, deceptive, and
25  unfair practices and for invasion of privacy
26  //
27  //
28  //

                                       1
                      COMPLAINT AND DEMAND FOR JURY TRIAL

EXHIBIT A

## II. PARTIES

2.    Plaintiff THERESA JOYCE is a natural person residing in Contra Costa County, California.

3.    Defendant SALLIE MAE is a corporation doing business of collecting Debts in California, operating from an address at 12061 Vluemont Way; Reston, VA 20190.

4.    Defendants are regularly engaged in the collection of Debts from consumers using the mail and telephone; defendants are "debt collectors" as defined by the Rosenthal Act, California Civil Code 1788.2(c).

5.    Defendants are all entities or individuals who contributed to or participated in, or authorized the acts or conspired with the named Defendants to commit the acts and do the things complained of which caused the injuries and damages to Plaintiff as set forth below. Each of the parties, named and fictitious (i.e. DOES), acted as principal and agent, each of the other, and combined and concurred each with the other in committing the acts that injured the Plaintiff. When the true names of the DOE Defendants are ascertained they will be substituted in.

6.    Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

7.    The purported Debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

## III. FACTUAL ALLEGATIONS

8.    In 2003 Plaintiff applied for and was accepted to attend the California Culinary Academy ("CCA") for a fifteen-month program to obtain a degree in bachelor degree in culinary arts.

9.    The tuition at CCA was about $40,000; and CCA steered Plaintiff into taking out a series of student loans, most of which originated from SALLIE MAE, for about $41,225 (the "DEBT") to cover the cost.

10.    CCA falsely represented that the DEBT would be reasonable and manageable

EXHIBIT A

2
COMPLAINT AND DEMAND FOR JURY TRIAL

i that Plaintiff would earn enough money as a result of her degree to pay back the DEBT.

11.   CCA falsely represented to Plaintiff that by obtaining the degree her income and opportunity in the food service business would increase.

12.   CCA falsely represented that it had an extensive network of contacts and close relationships with prestigious employers and that its job placement rate was about 99%.

13.   CCA falsely represented to Plaintiff that it had a selective admissions process.

14.   In 2004, Plaintiff graduated and entered the workforce.

15.   Plaintiff had a difficult time finding a job after her graduation because of CCA's poor reputation.

16.   In fact, Plaintiff's salary decreased by nearly 50% from what it was before she enrolled.

17.   Because of the drop in Plaintiff's income, it became impossible for Plaintiff to make payments in the amount SALLIE MAE demanded.

18.   Plaintiff paid to the best of her ability and entered into forbearance agreements :n possible.

19.   Within the last year, SALLIE MAE called with such frequency and persistence as to constitute harassment.

20.   It is estimated that within the last year SALLIE MAE called in excess of one hundred times.

21.   Within the last year SALLIE MAE also sent a number of collection letters to Plaintiff.

22.   On more than one occasion, SALLIE MAE called Plaintiff more than once in a single day.

23.   On certain days SALLIE MAE called Plaintiff approximately seven times.

24.   On certain days SALLIE MAE called Plaintiff in intervals of approximately five minutes.

25.   On more than one occasion, Plaintiff and/or her husband informed SALLIE MAE that they wished the calls to stop; SALLIE MAE responded that would not be possible.

EXHIBIT A

26.    On one occasion Plaintiff requested that SALLIE MAE stop calling; SALLIE
2 | MAE ignored Plaintiff's request and called her back approximately three minutes later.

3          27.    SALLIE MAE placed a phone call to Plaintiff's mother.

4          28.    On a Sunday, while Plaintiff and her husband were hosting a dinner party,
5 | SALLIE MAE called an estimated twenty times.

6          29.    A number of the calls placed by SALLIE MAE appeared as "MCC" on
7 | Plaintiff's caller ID and mislead Plaintiff as to the caller's identity.

8          30.    MCC refers to Muncie Call Center and is an office of SALLIE MAE.

9          31.    On or about April 25, 2008, Plaintiff sent a letter to SALLIE MAE, certified
10 | return receipt mail, informing them she did not wish to discuss the loans with them, and that
11 | SALLIE MAE should contact her attorney.

12         32.    On April 28, 2008, SALLIE MAE signed for receipt of the letter.

13         33.    After SALLIE MAE received notice of Plaintiff's cease-communication request
14 | they continued to call her.

       34.    After SALLIE MAE received notice that Plaintiff was represented by an
16 | attorney and the attorney's contact information, they continued to call Plaintiff.

17         35.    On May 12, 2008, SALLIE MAE emailed Plaintiff and demanded that she
18 | immediately contact SALLIE MAE.

19         36.    On or about May 13, 2008, Plaintiff's attorney mailed and faxed a letter to
20 | SALLIE MAE informing them that he represented Plaintiff and requesting SALLIE MAE to
21 | cease-communication with Plaintiff.

22         37.    After SALLIE MAE received the May 13, 2008, letter they continued to contact
23 | Plaintiff directly.

24         38.    As a result of the acts alleged above, Plaintiff has suffered fear, worry,
25 | unhappiness, loss of sleep, insomnia, nightmares, cry jags, loss of interest in work, marital
26 | discord, loss of concentration, humiliation, and depression.  Plaintiff has also been forced to
27 | take the phone off the hook and her children were frightened.

28         39.    The acts complained of above are part of a pattern and practice of harassment by

EXHIBIT A

1  Defendants.

2

3                    **IV.  FIRST CAUSE OF ACTION**

4              **(Against all Defendants for Violation of the Rosenthal Act)**

5      40.    Plaintiff repeats, realleges, and incorporates by reference all of the foregoing

6  paragraphs.

7      41.    Defendants violated the Rosenthal Act, by including but not limited to, the

8  following:

9              (a)    The Defendants violated California Civil Code §1788.11(b) by

10                    placing telephone calls without disclosure of the caller's identity;

11             (b)    The Defendants violated California Civil Code §1788.11(d) by

12                    causing a telephone to ring repeatedly or continuously to annoy the

13                    person called;

14             (c)    The Defendants violated California Civil Code §1788.11(e) by

15                    communicating with the Plaintiff with such frequency as to be

16                    unreasonable and to constitute an harassment to the Plaintiff under the

17                    circumstances;

18             (d)    The Defendants violated California Civil Code §1788.12(b) by

19                    communicating information regarding a consumer debt to a member

20                    of the Plaintiff's family;

21             (e)    The Defendants violated California Civil Code §1788.17 by failing to

22                    comply with 15 U.S.C. § 1692b(1) by contacting a person other than the

23                    Plaintiff and failing to identify him/herself, and/or failing to state that

24                    he/she is confirming or correcting location information concerning the

25                    Plaintiff;

26             (f)    The Defendants violated California Civil Code §1788.17 by failing to

27                    comply with 15 U.S.C. § 1692b(2) by communicating with persons other

28                    than the Plaintiff and stating that the Plaintiff owes debt;

EXHIBIT A

(g)     The Defendants violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692b(6) by communicating with a person other than the Plaintiff's attorney after the debt collector knew the Plaintiff was represented by an attorney.

(h)     The Defendants violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692c(a)(2) by communicating with the Plaintiff after the Defendant knew that the Plaintiff was represented by an attorney;

(i)     The Defendants violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692c(b) by communicating with a third person in connection with the collection of a debt;

(j)     The Defendants violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692c(c) by communicating with the Plaintiff after she notified them in writing to cease communication;

(k)     The Defendants violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt;

(l)     The Defendants violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692d(5) by causing the phone to ring or engaging a person in telephone conversations repeatedly with the intent to harass, oppress, and abuse the Plaintiff in connection with the collection of the Debt;

(m)     The Defendants violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692d(6) by placing telephone calls without disclosing his/her identity;

(n)     The Defendants violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt;

EXHIBIT A

1    42.    Defendants' acts as described above were done intentionally with the purpose of
2    coercing Plaintiff to pay the Debt.

3    43.    As a proximate result of Defendants' violations enumerated above, Plaintiff has
4    been damaged in amounts which are subject to proof.

5    44.    Defendants' violations of the Rosenthal Act were willful and knowing.
6    Defendants are therefore liable to Plaintiff for a declaratory judgment that Defendants'
7    conduct violated the Rosenthal Act and Plaintiff's actual damages, statutory damages, and
8    attorney's fees and costs pursuant to California Civil Code §1788.30.

9

10                    **V.    SECOND CAUSE OF ACTION**
11                   **(Against all Defendants for Invasion of Privacy:**
12    **Intrusion Into Private Affairs And Public Disclosure of Private Facts)**

13    45.    Plaintiff repeats, realleges, and incorporates by reference all of the foregoing
14    paragraphs.

15    46.    Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and
16    private concerns and affairs.

17    47.    Defendants willfully and intentionally intruded into Plaintiff's solitude,
18    seclusion and private affairs by repeatedly and unlawfully attempting to collect a Debt.

19    48.    Defendants willfully and intentionally intruded into Plaintiff's solitude,
20    seclusion and private affairs by publicly disclosing private facts regarding Plaintiff and her
21    cellular telephone records.

22    49.    Defendants' intrusions would be highly offensive to a reasonable person and did
23    in fact offend Plaintiff.

24    50.    As a result of such invasions of privacy, Plaintiff was harmed and caused great
25    mental and physical pain.

26    51.    Defendants acted with oppression, fraud or malice, and Defendants are
27    therefore liable to Plaintiff for damages in an amount to be proven at trial, and for punitive
28    damages.

EXHIBIT A

1    WHEREFORE, Plaintiff respectfully requests that judgment be entered against

2    Defendants and each of them for the following:

3        A.    Declaratory judgment that Defendants' conduct violated the Rosenthal Act;

4        B.    Actual damages;

5        C.    Statutory damages pursuant to California Civil Code §1788.30(a);

6        D.    Costs and reasonable attorney's fees pursuant to California Civil Code

7                §1788.30(b) and §1788.30(c);

8        E.    For punitive damages;

9        F.    For an injunction prohibiting SALLIE MAE from calling Plaintiff;

10       G.    For such other and further relief as the Court may deem just and proper.

11

12   Date:    5/24/08

13

14

                                    Jeremy S. Golden,
15                                  Attorney for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jeremy S. Golden (SBN 228007)<br>Law Offices of Eric F. Fagan<br>2300 Boswell Rd. Suite 211<br>Chula Vista, CA 91914<br>TELEPHONE NO.: 619-656-6656    FAX NO.: 775-898-5471<br>ATTORNEY FOR *(Name):* Plaintiff | FILED |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Martinez
STREET ADDRESS: 725 Court St. Rm 308
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME:

CASE NAME:
Theresa Joyce v Sallie Mae

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | | **C 08    01489**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
*(Cal. Rules of Court, rules 3.400–3.403)*
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[✓] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
factors requiring exceptional judicial management:
a. [ ]    Large number of separately represented parties     d. [ ]    Large number of witnesses
b. [ ]    Extensive motion practice raising difficult or novel     e. [ ]    Coordination with related actions pending in one or more courts
issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
c. [ ]    Substantial amount of documentary evidence     f. [ ]    Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary     b. [✓] nonmonetary; declaratory or injunctive relief    c. [✓] punitive
4. Number of causes of action *(specify):* 2
5. This case [ ] is [✓] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 29, 2008
Jeremy S. Golden
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |


EXHIBIT A

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

JOYCE VS MAE

NOTICE OF CASE MANAGEMENT CONFERENCE                    CIVMSC08-01489

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  10/20/08        DEPT:  16        TIME:  8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)957-5794 for Unlimited Civil
cases and (925)957-5791 for Limited Civil cases for assignment of an
earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

    a.  an order establishing a discovery schedule
    b.  an order referring the case to arbitration
    c.  an order transferring the case to limited jurisdiction
    d.  an order dismissing fictitious defendants
    e.  an order scheduling exchange of expert witness information
    f.  an order setting subsequent conference and the trial date
    g.  an order consolidating cases
    h.  an order severing trial of cross-complaints or bifurcating
        issues
    i.  an order determining when demurrers and motions will be filed

SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  06/05/08                          D. Wagner
                                D. WAGNER, Deputy Clerk


EXHIBIT A

## Superior Court of California, County of Contra Costa

### NOTICE TO PLAINTIFFS
In Unlimited Jurisdiction Civil Actions

### AFTER YOU FILE YOUR COURT CASE:

1. **Have the forms the clerk gives you served on all defendants in this case:**
   a. The Complaint
   b. The Summons
   c. The Notice of Case Management Conference (shows hearing date and time)
   d. The Notice to Defendants (Local Court Form CV-655d)
   e. Blank: Case Management Statement (Judicial Council Form CM-110)
   f. Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)
   g. Alternative Dispute Resolution (ADR) Information (Local Court Form CV-655c)

2. Within 60 days of the date you filed the complaint **you must prove that the forms have been served on (delivered to) the defendants correctly** by filing the *Proof of Service* form (POS-010) (completed by the person who did the service) with the court.

3. **Go to the case management conference on the date indicated on** The Notice of Case Management Conference.

4. **Consider using mediation, arbitration, or neutral case evaluation (ADR) to resolve the dispute.** All parties must answer questions about ADR on the *Case Management Statement* form. For more information, see the enclosed ADR Information, visit *www.cc-courts.org/adr* , or call (925) 957-5787.

5. **You may delay the first case management conference while you try to resolve the dispute in ADR.** If all parties agree to use ADR, complete and file the Stipulation and Order to Attend ADR and Continue First Case Management Conference 90 Days form to tell the court you want to use this option.

All civil actions *(except juvenile, probate, family, unlawful detainer, extraordinary writ, and asset forfeiture[1])* and personal injury cases where a party is claiming damages[2] must meet the Civil Trial Delay Reduction time limits for filing documents and moving their cases forward. These time limits are listed in California Rule of Court 3.110 and Local Court Rule 5. If parties miss these deadlines, a judge might issue an order (*Order to Show Cause*) for them to explain in court why they should not have to pay a fine or have their case dismissed.

### VIEW LOCAL COURT RULES AT: (WWW.CC-COURTS.ORG/RULES)

---

[1] *Health and Safety Code §11470 et seq.*
[2] *Including claims for emotional distress and/or wrongful death.*

## Superior Court of California, County of Contra Costa

### NOTICE TO DEFENDANTS
In <u>Unlimited Jurisdiction</u> Civil Actions

<u>YOU ARE BEING SUED.</u> The packet you have been served should contain:

- a. The Summons
- b. The Complaint
- c. The Notice of Case Management (shows hearing date and time)
- d. <u>Blank</u>: Case Management Statement (Judicial Council Form CM-110)
- e. <u>Blank</u>: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)
- f. Alternative Dispute Resolution (ADR) Information (Local Court Form CV-655c)

---

 **WHAT DO I DO NOW?** 

<u>You must:</u>

1. **Prepare your response**    YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2. **Complete the *Case Management Statement* (CM-110)**

3. **File and serve your court papers on time**    Once your court forms are complete, you <u>must</u> file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4. **Prove you served your court papers on time**    by having your server complete a *Proof of Service, (Judicial Council form POS-040)*, that <u>must</u> be filed at the court within <u>60</u> days.

5. **Go to court** on the date and time given in the *Notice of Case Management Conference*.

6. **Consider trying to settle your case before trial**    If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers. For more information read the enclosed ADR information, visit www.cc-courts.org/adr, or call (925) 957-5787.

IMPORTANT! The court recommends consulting an attorney for all or part of your case. While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.

---

<u>COURT FEES:</u> You must pay court fees the first time you file your papers. If you also file a motion, you must pay another fee. If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

<u>COURT FORMS:</u> Buy forms at the Forms Window in the Family Law Building or download them for free at: www.courtinfo.ca.gov/forms/



CV-655d/Rev. 11/05/2007

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF CONTRA COSTA

_____
_____
Plaintiff(s)
vs.

_____
_____
Defendant(s)

**_Stipulation and Order_ to Attend ADR and Delay
First Case Management Conference 90 Days**

Case No.:_____ Date complaint filed: _____ First case management conference set for: _____

▶ ALL PARTIES MUST SIGN THIS FORM AND FILE THIS STIPULATION, WITH CASE MANAGEMENT STATEMENTS, AT LEAST 15 DAYS BEFORE THE FIRST CASE MANAGEMENT CONFERENCE

▶ PARTIES MUST ALSO SEND A COPY OF THE FORM WITH THE JUDGE'S SIGNATURE TO THE ADR OFFICE: FAX: (925) 957-5689 or MAIL: P.O. BOX 911, MARTINEZ, CA 94553

▶ THIS STIPULATION MAY NOT BE USED IN COMPLEX LITIGATION CASES

Counsel and all parties certify they have met and conferred on the subjects set forth in Rule of Court 212(b), and have selected the following alternative dispute resolution (ADR) process: [check ☒one]:

❏ Judicial mediation    ❏ Judicial arbitration    ❏ Neutral case evaluation
❏ Private mediation    ❏ Private arbitration

COUNSEL AND ALL PARTIES AGREE TO COMPLETE ADR WITHIN 90 DAYS, AND CERTIFY:

1. This is not a complex civil case (as described in California Rules of Court, Rule 3.400);
2. All parties have been served and intend to submit to the jurisdiction of the court;
3. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
4. Defendant(s)' first appearance fee has been paid or will be submitted with this Stipulation;
5. Copies of this Stipulation and self-addressed stamped envelopes are provided for returning file-stamped copies to counsel and the parties;
6. Case Management Conference Statements are submitted with this Stipulation;
7. All parties will attend ADR conferences as required by local court rule (Appendix C); and,
8. All parties know the court will not allow more than 90 days to complete ADR.

_____  _____  _____  _____
Counsel for Plaintiff *(print)*   Fax    Counsel for Defendant *(print)*   Fax

_____          _____
Signature                        Signature

_____  _____  _____  _____
Counsel for Plaintiff *(print)*   Fax    Counsel for Defendant *(print)*   Fax

_____          _____
Signature                        Signature

Pursuant to the Stipulation of the parties, and subject to the *Case Management Order* to be filed, IT IS SO ORDERED that the Case Management Conference set for _____ is vacated and rescheduled for _____ at (8:30 a.m. / _____) Plaintiff's counsel must notify all parties of the case management conference.

Dated: _____          _____
                                _Judge of the Superior Court_

Local Court Rules, Rule 6 (h)(1)(a)(b)

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                     FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| (Check one):   ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

**A CASE MANAGEMENT CONFERENCE is scheduled as follows:**

Date:                Time:                Dept.:                Div.:                Room:

Address of court *(if different from the address above):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint   ☐ cross-complaint   *(describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial      *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐ The trial has been set for *(date):*
b.  ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐ days *(specify number):*
b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
☐ Additional representation is described in Attachment 8.

9.  **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a.  Counsel ☐ has ☐ has not    provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.  ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.  ☐ The case has gone to an ADR process *(indicate status):*

CM-110 [Rev. January 1, 2007]    **CASE MANAGEMENT STATEMENT**    Page 2 of 4

EXHIBIT A

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.    The party or parties are willing to participate in *(check all that apply):*
    (1) ☐ Mediation
    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
    (4) ☐ Binding judicial arbitration
    (5) ☐ Binding private arbitration
    (6) ☐ Neutral case evaluation
    (7) ☐ Other *(specify):*

  e.    ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
  f.    ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
  g.    ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**
    ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**
  a.    ☐ Insurance carrier, if any, for party filing this statement *(name):*
  b.    Reservation of rights:    ☐ Yes    ☐ No
  c.    ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
  ☐ Bankruptcy    ☐ Other *(specify):*
Status:

**14. Related cases, consolidation, and coordination**
  a.    ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
    ☐ Additional cases are described in Attachment 14a.
  b.    ☐ A motion to    ☐ consolidate    ☐ coordinate    will be filed by *(name party):*

**15. Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**
    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other Issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

Previous case management orders in this case are *(check one)*:   ☐ none   ☐ attached as Attachment 21.

**22. Total number of pages attached** *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

| ▶ | |
|---|---|
| _____ (TYPE OR PRINT NAME) | _____ (SIGNATURE OF PARTY OR ATTORNEY) |
| ▶ | |
| _____ (TYPE OR PRINT NAME) | _____ (SIGNATURE OF PARTY OR ATTORNEY) |
| | ☐ Additional signatures are attached |

CM-110 [Rev. January 1, 2007]    **CASE MANAGEMENT STATEMENT**    Page 4 of 4



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form (*CM-110);
- File a *Stipulation and Order to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions?* Call (925) 957-5787, or go to www.cc-courts.org/adr

### MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

### PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary Judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at (925) 957-5787

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

**ERIC F. FAGAN**
**2300 BOSWELL RD  211 CHULA VISTA, CA 91914**

TELEPHONE NO.: **(619) 656-6656**     FAX NO.*(Optional):*    **(775) 703-7661**
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA

STREET ADDRESS: **725 COURT STREET**

MAILING ADDRESS:

CITY AND ZIP CODE: **MARTINEZ, CA 94553-1233**

BRANCH NAME: **CONTRA COSTA**

| PLAINTIFF/PETITIONER: **JOYCE** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **SALLIE MAE** | **C0801489** |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☒ summons
   b. ☒ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):* **COURT DOCUMENTS; NOTICE OF CASE MANAGEMENT CONFERENCE**

3. a. Party served *(specify name of party as shown on documents served):*
   **SALLIE MAE, INC., A CORPORATION**

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship of party named in item 3a):*
   **JUAN DE PABLO, AGENT FOR SERVICE**

4. Address where the party was served: **818 WEST 7TH ST**
   **LOS ANGELES, CA 90017**

5. I served the party *(check proper box)*
   a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **06/11/2008**    (2) at *(time):* **02:45 pm**

   b. ☐ **by substituted service.** On *(date):*   at *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*  from *(city):*                                    **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure; § 417.10<br>POS010-1/SD313575 |
|---|---|---|

| PETITIONER: **JOYCE** | CASE NUMBER: |
|---|---|
| RESPONDENT: **SALLIE MAE** | C0801489 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) *(Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☒ On behalf of *(specify):* **SALLIE MAE, INC., A CORPORATION**
    under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)             ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)         ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)              ☐ 415.46 (occupant)
                                 ☐ other:

7. **Person who served papers**
a. Name: **David Garcia - Janney & Janney Attorney Service, Inc.**
b. Address: **1545 Wilshire Blvd. #311  Los Angeles, CA 90017**
c. Telephone number: **(213) 628-6338**
d. **The fee** for service was: **$ 45.00**
e. I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ registered California process server:
        (i) ☐ owner      ☒ employee     ☐ independent contractor.
        (ii) Registration No.: **140**
        (iii) County: **Los Angeles**

8. ☒ I **declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a **California sheriff or marshal** and I certify that the foregoing is true and correct.

Date: **06/12/2008**

**Janney & Janney Attorney Service, Inc.**
**1545 Wilshire Blvd. #311**
**Los Angeles, CA 90017**
**(213) 628-6338**

| **David Garcia** | |
|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | (SIGNATURE) |