LAW OFFICES OF MIRIAM HISER
MIRIAM HISER (129824)
550 Montgomery Street, Suite 650
San Francisco, California 94111
Telephone: (415) 345-9234
Facsimile: (415) 395-9372
mhiser@hiserlaw.com

Attorneys for Defendant
SALLIE MAE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA JOYCE,<br><br>               Plaintiff,<br><br>   v.<br><br>SALLIE MAE, INC., a corporation, and DOES 1 through 10 inclusive,<br><br>               Defendants. | **Case No. C 08-03351 MEJ**<br><br>**ANSWER TO COMPLAINT (Unlawful Debt Collection Practices)** |

Defendant SALLIE MAE, INC. ("Sallie Mae") answers the Complaint of Plaintiff Theresa Joyce as follows:

1. Paragraph one requires no response from Sallie Mae.

2. Sallie Mae admits the allegations of paragraph two.

3. Answering the allegations of paragraph of three, Sallie Mae admits that it "is a corporation doing business" "in California" and alleges that its principal place of business is 12061 Bluemont Way, Reston, Virginia but denies that its business is "collecting Debts."

4. Answering the allegations of paragraph four, Sallie Mae alleges that it is a servicer of student loans and that in the course of servicing such loans, it communicates by telephone and mail with borrowers. Except as so alleged, Sallie Mae denies the allegations of paragraph four.

5. Sallie Mae denies the allegations of paragraph five.

6. Answering the allegations of paragraph six, Sallie Mae alleges that plaintiff is a

1  student loan borrower owing money on several student loan promissory notes serviced by Sallie
2  Mae.  Except as so alleged, Sallie Mae denies the allegations of paragraph six.
3          7.      Answering the allegations of paragraph seven, Sallie Mae alleges that plaintiff is
4  a student loan borrower owing money on several student loan promissory notes serviced by
5  Sallie Mae.  Except as so alleged, Sallie Mae denies the allegations of paragraph seven.
6          8.      Sallie Mae lacks knowledge or information sufficient to form a belief as to the
7  truth of the allegations of paragraph eight and on that basis denies them.
8          9.      Answering the allegations of paragraph nine, Sallie Mae alleges that plaintiff
9  obtained student loans in the original principal amount of approximately $70,000, that these
10 loans included both Stafford and Signature Loans and that Sallie Mae serviced these loans.
11 Except as so alleged, Sallie Mae lacks knowledge or information sufficient to form a belief as to
12 the truth of the remaining allegations of paragraph nine and on that basis denies them.
13         10.     Sallie Mae lacks knowledge or information sufficient to form a belief as to the
14 truth of the allegations of paragraphs ten through seventeen and on that basis denies them.
15         11.     Answering the allegations of paragraph eighteen, Sallie Mae admits that it granted
16 plaintiff certain forbearances of repayment of her Signature loans.  Except as so admitted, Sallie
17 Mae lacks knowledge or information sufficient to form a belief as to the remaining allegations of
18 paragraph eighteen and on that basis denies them.
19         12.     Sallie Mae denies the allegations of paragraph nineteen.
20         13.     Answering the allegations of paragraph twenty, Sallie Mae alleges that in the
21 process of communicating with plaintiff with respect to her student loans, it placed telephone
22 calls to her residence, that there was usually no answer at the residence and that at times a
23 message was left asking plaintiff to call Sallie Mae.  Except as so alleged, Sallie Mae denies the
24 remaining allegations of paragraph twenty and specifically denies that it spoke with plaintiff in
25 excess of one hundred times in the last year.
26         14.     Sallie Mae admits the allegations of paragraph twenty-one.
27         15.     Answering the allegations of paragraph twenty-two, Sallie Mae alleges that in the
28 process of communicating with plaintiff with respect to her student loans, it placed telephone

calls to her residence, that there was usually no answer at the residence, that at times a message was left asking plaintiff to call Sallie Mae and that on certain days when there was no answer and Sallie Mae did not receive a return phone call from plaintiff another call was placed.  Except as so alleged, Sallie Mae denies the remaining allegations of paragraph twenty-two.

16. Sallie Mae denies the allegations of paragraph twenty-three.

17. Answering the allegations of paragraph twenty-four, Sallie Mae alleges that in the process of communicating with plaintiff with respect to her student loans, it placed telephone calls to her residence, that there was usually no answer at the residence, that at times a message was left asking plaintiff to call Sallie Mae and that on certain days when there was no answer and Sallie Mae did not receive a return phone call from plaintiff another call was placed.  Except as so alleged, Sallie Mae denies the remaining allegations of paragraph twenty-four.

18. Sallie Mae denies the allegations of paragraph twenty-five.

19. Sallie Mae denies the allegations of paragraph twenty-six.

20. Sallie Mae denies the allegations of paragraph twenty-seven.

21. Sallie Mae denies the allegations of paragraph twenty-eight.

22. Answering the allegations of paragraph twenty-nine, Sallie Mae lacks knowledge or information sufficient to form a belief as to the truth of the allegations that "a number of the calls placed by SALLIE MAE appeared as 'MCC' on plaintiff's caller ID."  Sallie Mae denies the remaining allegations of paragraph twenty-nine.

23. Answering the allegations of paragraph thirty, Sallie Mae alleges that it engages representatives to make telephone calls to borrowers from Muncie, Indiana.  Except as so alleged, Sallie Mae denies the remaining allegations of paragraph thirty.

24. Answering the allegations of paragraph thirty-one and thirty-two, Sallie Mae admits that it received a letter from plaintiff on or about April 28, 2008, which asked Sallie Mae to stop calling her and to "please refer all questions to my attorney."  Except as so admitted, Sallie Mae denies the remaining allegations of paragraphs thirty-one and thirty-two.

25. Answering the allegations of paragraphs thirty-three and thirty-four, Sallie Mae admits that it received a letter from plaintiff on or about April 28, 2008, which asked Sallie Mae

to stop calling her and to "please refer all questions to my attorney."  Except as so admitted, Sallie Mae denies the remaining allegations of paragraphs thirty-three and thirty-four and specifically denies any misconduct.

26. Sallie Mae denies the allegations of paragraph thirty-five.

27. Answering the allegations of paragraphs thirty-six and thirty-seven, Sallie Mae admits that it received a letter from an attorney for plaintiff dated May 13, 2008.  Sallie Mae alleges that an analyst for Sallie Mae reviewed this letter, and that, after review, Sallie Mae responded to the attorney by letter stating that communications with plaintiff with respect to her Signature Loans would stop but that the loans would remain due and owing.  Sallie Mae further alleges that this letter informed the attorney that it could not stop communications with respect to plaintiff's federal consolidation loan.  Except as so alleged or admitted, Sallie Mae denies the allegations of paragraphs thirty-six and thirty-seven.

28. Sallie Mae denies the allegations of paragraph thirty-eight.

29. Sallie Mae denies the allegations of paragraph thirty-nine.

30. Answering the allegations of paragraph forty, Sallie Mae incorporates by reference its responses to paragraphs one through thirty-nine above.

31. Sallie Mae denies the allegations of paragraph forty-one.

32. Sallie Mae denies the allegations of paragraph forty-two.

33. Sallie Mae denies the allegations of paragraph forty-three.

34. Sallie Mae denies the allegations of paragraph forty-four.

35. Answering the allegations of paragraph forty-five, Sallie Mae incorporates by reference its responses to paragraphs one through forty-four above.

36. Paragraph forty-six is a legal statement and requires no response from Sallie Mae.

37. Sallie Mae denies the allegations of paragraphs forty-seven through fifty-one, inclusive.

Sallie Mae denies that plaintiff is entitled to the relief prayed for, or any relief at all, as against Sallie Mae.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Cause of Action)**

The Complaint, and each cause of action alleged therein, fails to state a cause of action against Sallie Mae.

**SECOND AFFIRMATIVE DEFENSE DEFENSE**
**(Laches, Waiver, Estoppel, Unclean Hands)**

The Complaint, and each cause of action alleged therein, is barred by one or more of the doctrines of laches, waiver, estoppel and unclean hands.

**THIRD AFFIRMATIVE DEFENSE**
**(Punitive Damages Not Permissible)**

Plaintiff's claim for punitive damages violates Sallie Mae's right to due process and equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Sections 2, 7, 15, 16 and 17 and Article IV, Section 16 of the California Constitution.

**FOURTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

The Complaint, and each cause of action alleged therein, is barred because plaintiff failed to make reasonable efforts to mitigate the losses or damages plaintiff alleges therein.

**FIFTH AFFIRMATIVE DEFENSE**
**(Preemption)**

Certain activities of Defendant Sallie Mae are performed pursuant to the Higher Education Act. This Act preempts the statutes under which plaintiff asserts her claims. To the extent activities alleged by plaintiff are the subject of or mandated by the Higher Education Act, such acts are not in violation of law and are not actionable.

Wherefore, Sallie Mae prays for judgment as follows:

1. That plaintiff take nothing by way of her Complaint and that the Complaint be dismissed with prejudice;

2. That Sallie Mae be dismissed and awarded its attorneys fees and costs of suit incurred herein;

///

///

3. That Sallie Mae be awarded such other and further relief as the Court deems just and proper.

Dated: July 16, 2008.              LAW OFFICES OF MIRIAM HISER


                                   By:_____/s/_____
                                          Miriam Hiser
                                   Attorney for Defendant SALLIE MAE, INC.